UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

        Plaintiff,

CASE NO. 1:14-CV-250

v.

HON. ROBERT J. JONKER

ISAAC BELL,

        Defendant.
_____/

**ORDER**

**I.    FACTS**

Plaintiff Malibu Media, LLC ("Malibu Media") filed this copyright infringement suit on March 13, 2014, naming as Defendant "John Doe subscriber assigned IP address 68.61.45.221." (Compl., docket # 1). After ascertaining the identity of this John Doe, Plaintiff on June 11, 2014 filed an Amended Complaint against Defendant Isaac Bell for infringing its exclusive copyrights to 12 films (the "Works"). (Am. Compl. Docket # 10.) Malibu Media claims that Defendant Bell used BitTorrent, an online file sharing protocol, to obtain unlawful copies of each of the Works and to distribute unlawfully "constituent elements" of each of the Works. (*Id.*) Malibu Media brings a single count against Defendant for direct copyright infringement. (*Id.* at ¶¶ 30-35.) Malibu Media alleges that Defendant violated Malibu Media's exclusive rights to: reproduce the Works in copies, in violation of 17 U.S.C. §§ 106(1) and 501; redistribute copies of the works to the public, in violation of 17 U.S.C. §§ 106(3) and 501; perform the Works, in violation of 17 U.S.C. §§ 106(4) and 501; and display the Works, in violation of 17 U.S.C. §§ 106(5) and 501. (*Id.* at ¶ 34.) Malibu

Media alleges that the violations were willful within the meaning of 17 U.S.C. § 504(c)(2). (*Id.* at ¶ 35.)

Malibu Media served Defendant with the Amended Complaint on July 10, 2014. (docket # 15.) Defendant failed to plead or otherwise defend the action. On September 8, 2014, Malibu Media moved for entry of default (docket # 17). Default entered the same day (docket # 18). On October 8, 2014 , Malibu Media moved for default judgment against Defendant. (docket # 19.) Malibu Media seeks statutory damages of $27,000.00 under 17 U.S.C. § 504(c)(1), and $1,659.40 for attorneys' fees and costs under 17 U.S.C. § 505. (*Id.*; docket # 20.) Malibu Media also seeks a permanent injunction prohibiting Defendant from directly, contributorily, or indirectly infringing Malibu Media's rights under federal or state law in the Works; requiring Defendant to destroy all copies of the Works Defendant has downloaded onto any computer hard drive or server without Malibu Media's authorization; and requiring Defendant to destroy all copies of the Works transferred onto any physical medium or device in Defendant's possession, custody, or control. (docket # 20; Am. Compl., ¶ 35.) As of this Order, Defendant still has not responded to any of the filings in this case.

## II.     ANALYSIS

Once the Clerk has entered a default against a defendant, the Court must treat all well-pleaded allegations in the Complaint as true. *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2008) (entry of default judgment "conclusively establishes every factual predicate of a claim for relief"); *see also Brockton Savings Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 13 (1st Cir. 1985) ("There is no question that, default having been entered, each of [plaintiff's] allegations of fact must be taken as true and each of its [] claims must be considered established as a matter of law."). Thus,

by virtue of the Clerk's entry of a default against Defendant in this matter, Malibu Media has conclusively established that Defendant is liable for the claims asserted in Malibu Media's Amended Complaint.

The mere fact of Defendant's liability, however, does not automatically entitle Malibu Media to a default judgment. Even after entry of default, the decision to grant a default judgment is within the Court's discretion. *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974); *see also* 10A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998) ("This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a)."). In determining whether to enter a default judgment, courts typically consider factors such as:

> the amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt.

10A WRIGHT ET AL. at § 2685. Those factors all point toward granting Malibu Media's motion for a default judgment in this case.

The only remaining questions, then, are the amount of the judgment, and the propriety of the permanent injunction Malibu Media seeks.

### A. DAMAGES

The owner of a copyright may collect either actual damages or statutory damages from an infringer. 17 U.S.C. § 504(a). In its Amended Complaint, Malibu Media notified Defendant that it was seeking statutory damages for willful infringement of each infringed work. In the absence of willfulness, the maximum statutory damages award available is $30,000 per infringed work. *Id.* at

3

§ 504(c)(1). The maximum statutory damages award available for willful infringement is $150,000 per infringed work. *Id.* at § 504(c)(2). In its Motion for Entry of Default Judgment (docket # 20), Malibu Media continues to maintain that each infringement was willful but does not seek the statutory maximum award. Malibu Media contends that a total award of $27,000, or $2,250 per infringement, in statutory damages is appropriate. The Court agrees.

The Court retains broad discretion to determine an appropriate damages figure in each case. *See* 17 U.S.C. § 504(c)(2) ("[T]he court *in its discretion* may increase the award of statutory damages to a sum of not more than $150,000.") (emphasis added); *Zomba Enterprises, Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 578 (6th Cir. 2007). In exercising that discretion, courts typically consider factors such as the expenses saved and the profits reaped by the defendants in connection with the infringement and the revenues lost by the plaintiff as a result of the infringement. *See N.A.S. Import, Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252 (2d Cir. 1992). There is no evidence that Defendant reaped any profit from his infringements, except for the comparatively small sum he saved by illegally downloading, rather than buying, his own copies of the Works. Nor is there specific evidence of how much money Malibu Media actually lost as a result of Defendant's infringement.[1] The Court therefore also looks to damage awards in other cases involving intentional copyright infringement by use of BitTorrent or other file-sharing protocols. In the vast majority of such cases, courts have found damages of no more than $6,500 per infringement to be sufficient compensation for the injured copyright holder. *See, e.g.*, *Disney Enterprises, Inc. v. Delane*, 446 F. Supp. 2d 402, 407 (D.Md. 2006) (awarding statutory damages of $6,500 per infringement by

---

[1]Malibu Media asserts that its actual damages "far exceed" $27,000 in lost sales, based on the way the BitTorrent protocol functions, but provides no record evidence to support this claim. (Pl.'s Br. in Support of Mot. for Default J., docket # 20, at 9.)

defendant BitTorrent user); *Capitol Records, Inc. v. Mattingley*, 461 F. Supp. 2d 846, 853 (S.D. Ill. 2006) (awarding statutory damages of $750 per infringement for a total amount of $3,750); *Disney Enters. v. Farmer*, 427 F. Supp. 2d 807, 817 (E.D. Tenn. 2006) (awarding statutory damages of $1,200 per infringement for a total award of $6,000); *UMG Recordings v. Adams*, No. 08-cv-534, 2008 WL 4516309, at *4 (S.D. Ill. Oct. 3, 2008) (awarding statutory damages of $750 per infringement for a total award of $6,000); *Warner Bros. Entertainment, Inc. v. Carsagno*, No. 06-CV-2676, 2007 WL 1655666, at * 4 (E.D.N.Y. June 4, 2007) (awarding statutory damages of $6,000 for electronic downloading of copyrighted film); *Patrick Collins, Inc. v. Gillispie*, No. 11-cv-1776, 2012 WL 666001, at *3 (D.Md. Feb. 23, 2012) (awarding statutory damages of $6,000 per defendant BitTorrent user).

In this case, Malibu Media seeks damages consistent with or lower than damages awarded in other cases involving BitTorrent. There is no obvious reason for departing from the standard statutory damage award applied by other district courts in BitTorrent file-sharing cases. An award in line with the actual awards in other cases is appropriate here. Malibu Media is entitled to statutory damages of $2,250 per infringement, or $27,000 total.

Malibu Media also requests costs of $477.40 and attorney's fees of $1,182.00 in this matter, figures supported by the Declaration of Malibu Media's attorney, Paul J. Nicoletti (docket # 19-1). The Court has discretionary authority to award reasonable costs and attorney's fees. 17 U.S.C. § 505. The amount of costs and attorney's fees Malibu Media seeks is reasonable for the work done in this case. Malibu Media is, therefore, entitled to recover its costs and attorney's fees–totaling $1,659.40–in addition to $27,000 in statutory damages.

B.   **PERMANENT INJUNCTION**

Malibu Media seeks a permanent injunction prohibiting Defendant from directly, contributorily, or indirectly infringing Malibu Media's rights under federal or state law in the Works; requiring Defendant to destroy all copies of the Works Defendant has downloaded onto any computer hard drive or server without Malibu Media's authorization; and requiring Defendant to destroy all copies of the Works transferred onto any physical medium or device in Defendant's possession, custody, or control. (docket # 20; Am. Compl., ¶ 35.)

The Copyright Act provides that courts having jurisdiction may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). The Copyright Act also provides that "the court may order the destruction . . . of all copies . . . found to have been made or used in violation of the copyright owner's exclusive rights . . . [.]" 17 U.S.C. § 503(b). In considering whether injunctive relief is appropriate, the Court applies the traditional four factor test, under which a plaintiff must demonstrate "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

The permanent injunctive factors all weigh in favor of granting the injunctive relief Malibu Media seeks. Malibu Media has established Defendant's liability for multiple willful copyright infringements and a likelihood that Defendant will continue the pattern of unauthorized downloads absent the requested relief. In using the BitTorrent protocol to infringe, Defendant exposed the

Works to "viral" infringement by countless other BitTorrent users.  This is an irreparable injury, and monetary damages are not sufficient to compensate for that injury.  The injunctive relief requested imposes minimal hardship on Defendant.  The injunctive relief requested also serves the public interest by deterring copyright infringement.

**ACCORDINGLY, IT IS ORDERED** that Plaintiff's Motion for Entry of Default Judgment Against Defendant (docket # 19) is **GRANTED**.

The Court will enter Judgment accordingly.


Dated:      October 31, 2014              /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         UNITED STATES DISTRICT JUDGE